Matthew H. Sontz, Esq. (Atty ID: 013082003)
Law Office of Matthew H. Sontz, LLC
220 St. Paul St.
Westfield, NJ 07090
(908) 389-1330
mhs@sontzlaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON VICINAGE

| | |
|---|---|
| TRACY R. VENUS (Individually and as parent on behalf of disabled child, K.V.) and K.V. (Minor),<br><br>  Plaintiffs,<br><br>v.<br><br>SCM Properties, LLC d/b/a Arthur's Steakhouse and Pub<br><br>  Defendant. | Case No. |

COMPLAINT
(Injunctive Relief Demanded)

1. Plaintiffs, Tracy R. Venus, an individual and parent of disabled child, K.V.) and K.V., a disabled minor, on their behalf and on behalf of all other individuals similarly situated, hereby file this Complaint against the Defendant, SCM Properties, LLC d/b/a Arthur's Steakhouse and Pub, a New Jersey limited liability company, for Injunctive Relief, Attorney's Fees, Litigation Expenses, and Costs pursuant to the Americans with Disability Act, 42 U.S.C. § 12181, *et. seq.* ("ADA"), and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et. seq.* ("NJLAD").

1

## PARTIES

2. Plaintiff Tracy R. Venus is an individual residing at 25 Park Lane within Franklin Township, County of Somerset, New Jersey.

3. Plaintiff K.V. is an individual who is a minor child who resides at 25 Park Lane within Franklin Township, County of Somerset, New Jersey.

4. Defendant SCM Properties, LLC d/b/a Arthur's Steak House and Pub is a New Jersey limited liability company with a principal place of business located at 644 Georges Road in North Brunswick, New Jersey that owns and operates a restaurant known as Arthur's Steak House and Pub.

## JURISDICTION AND VENUE

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has original jurisdiction over the actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et. seq.* ("ADA").

6. Pursuant to 28 U.S.C. §2201 and 28 U.S.C. § 2202, this Court has jurisdiction to provide declaratory and further relief as requested by Plaintiffs or as deemed just and proper by the Court.

7. Pursuant to 28 U.S.C. §1391, venue is properly located within this District and vicinage because the Defendant resides and conducts business within this District and vicinage.

8. Pursuant to 28 U.S.C. 1367, this Court has supplemental jurisdiction over the actions which arise from the Defendant's violations of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et. seq.* ("NJLAD"), because the claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.

## GENERAL ALLEGATIONS

9. Plaintiff Tracy R. Venus is the widowed mother and legal guardian of her handicapped daughter K.V. who is presently 16 years of age.

10. Plaintiff K.V. is a minor child prematurely born with several disabilities, including but not limited to: a) cerebral palsy in her lower extremities, b) seizure disorder, c) developmental delays, and d) visual impairment, thereby requiring continuing adult assistance and care from her mother or others.

11. Said physical and development conditions confine K.V. to a non-motorized handicapped adaptable stroller for mobility outside of her residence.

12. K.V. is registered as a disabled person having a New Jersey placard ID issued to her by the State of New Jersey which allows K.V. to legally park in designated handicapped parking areas when traveling in Ms. Venus' car or any other car K.V. travels in.

13. Ms. Venus necessarily assists K.V. in moving about outside of their residence.

14. Defendant operates Arthur's Steak House and Pub which is a restaurant.

15. Arthur's Steak House and Pub is a place of public accommodation.

16. Plaintiffs have been customers of Arthur's Steak House and Pub in the past.

17. Plaintiffs residence is approximately 11 or less miles from Arthur's Steak House and Pub.

18. Plaintiffs frequently travel in the vicinity of Arthur's Steak House and Pub because the restaurant is located in the same municipality as K.V.'s grandmother's and K.V.'s great aunt's residences, respectively. Also, the restaurant is along the route from Plaintiffs' home to major thoroughfares such as Route 130, Route 18, the NJ Turnpike, etc. Also, the restaurant was her family's chosen restaurant for certain special occasions, such as Plaintiffs' father's/grandfather's birthdays.

19. Plaintiffs intend to be customers at Arthur's Steak House and Pub in the future especially if the restaurant become more accessible as required by the ADA, NJLAD, and their applicable regulations.

20. Defendant is responsible for ensuring that the restaurant complies with the ADA, NJLAD, and their applicable regulations.

21. The restaurant fails to comply with the ADA, NJLAD and applicable regulations because there exists, among other things, physical, architectural, and/or structural barriers to Plaintiff's use.

22. The noncompliance with the ADA, NJLAD, and applicable regulations includes but is not necessarily limited to the following:

   a. The existing restaurant's entrance located on the building northeast side is an elevated entrance containing approximately five (5) steps, leading to the front entry vestibule recessed from the building's side yard façade. Each of the (5) risers are approximately seven (7) inches in height thereby elevating the public entrance approximately thirty-five (35) inches from the driveway grade elevation. The restaurant's entrance did not contain any ramp to allow an individual with a disability to gain access to the restaurant's interior/primary function. The failure of the restaurant to provide an accessible route and an ADA compliant ramp is contrary to Sections 4.1.1(2) & 5.1 [*See 28 CFR Part 36, App. A, ADAAG (Rev. July 1994)*] [1]. Section 5.1 specifically requires a restaurant and cafeteria use to comply with the ADA requirements defined within Sections 4.1 through 4.35.

   b. Based on the building's failure to provide a handicapped accessible ramp, the main entrance is therefore not compliant with the ADA [*See 28 CFR Part 36, App. A, Sect. 4.14, (Rev. July 1994); ANSI A117.1-1992, 4.14*].

   c. The restaurant's entrance also contains an interior vestibule area having an interior door in series to the main entry/exit door. The distance measured between the interior door's latch edge [in a 90 degree open position] and the exterior wall/door opening was approximately 2'-8" in length which is not compliant with the ADA requiring a minimum distance of 48" between the two doors in series [*See 28 CFR Part 36, App. A, Sect. 4.13.7, Fig. 26 (Rev. July 1994); ANSI A117.1-1992, 4.13.7, Fig. B4.13.7*].

---

[1] As no alterations appear to have been made since the ADA was enacted in the early 1990's, the appropriate law for determining compliance is the 1994 regulations. Any alterations made now to comply will have to be made pursuant to the 2010 regulations.

    d. Regarding the existing parking lot, the lot contained two (2) angled parking spaces designated as handicapped parking. The spaces were located opposite to the restaurant's entry door along the building's northeast side and separated by a one-way entrance driveway leading to the rear of the parking lot. The parking lot's surface, from the angled parking spaces to the restaurant's entry steps appeared to exceed the maximum permitted slope and cross-slope in all directions of 1:50 [*See 28 CFR Part 36, App. A, Sect. 4.6.3, (Rev. July 1994); ANSI A117.1-1992, 4.3.6 (1:48 limit)*].

    e. In reviewing the interior men's bathroom, located in the rear corner of the bar area, two issues were observed as being non compliant. First, the vanity type single sink installed within the bathroom did not provide the required knee and toe clearances under the sink in accordance with the ADA [*See 28 CFR Part 36, App. A, Sect. 4.19.3, (Rev. July 1994); ANSI A117.1-1992, 4.20.3*]. Second, the bathroom failed to provide the required wheelchair accessible toilet stall [*See 28 CFR Part 36, App. A, Sect. 4.17, (Rev. July 1994); ANSI A117.1-1992, 4.18.3*].

    f. Regarding the women's bathroom, based on review of drawings obtained via an Open Public Records Act ("OPRA") request, the women's bathroom is not handicapped compliant pursuant to the ADA nor is a wheelchair accessible toilet stall provided within the women's bathroom [*See 28 CFR Part 36, App. A, Sect. 4.23 & 4.17, (Rev. July 1994); ANSI A117.1-1992, 4.16 through 4.20*].

23. The condition of Defendant's property is in violation of the ADA, NJLAD, and their applicable regulations.

24. Compliance with the ADA, NJLAD, and their applicable regulations is readily achievable.

25. This lawsuit is necessary to compel Defendant to comply with the ADA, NJLAD, and their applicable regulations.

26. Plaintiffs require inspection of the restaurant's interior and exterior in order to discover, measure, and photograph all potential violations of the ADA, NJLAD, and their applicable regulations.

27. Defendant was and is required to remove the existing physical, architectural, and/or structural barriers.

28. Defendant has and continues to discriminate against Plaintiffs in violation of the ADA, NJLAD,

and their applicable regulations by denying Plaintiffs equal access and use of the restaurant.

29. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs, and litigation expenses including but not limited to the costs associated with Plaintiffs' architect.

30. Plaintiffs are without adequate remedy at law and are suffering irreparable harm.

31. This Court has authority pursuant to the ADA, NJLAD, and their applicable regulations to grant Injunctive Relief to the Plaintiffs and order the Defendant to alter, adjust, rebuild, etc, the Somerset Diner to comply with the ADA, NJLAD, and their applicable regulations.

WHEREFORE Plaintiffs respectfully request:

a. The Court issue a Declaratory Judgment that the Defendant at the commencement of this lawsuit is in violation of the ADA, NJLAD, and their regulations;

b. The Court issue injunctive relief against the Defendant ordering the Defendant to make all alterations to the restaurant as required by the ADA, NJLAD, and their regulations;

c. The Court award compensatory damages in accordance with the NJLAD;

d. The Court award attorneys' fees including fee enhancements, costs, and litigation expenses including expert fees in accordance with the ADA, NJLAD, and their regulations; and

e. The Court award such further relief as it deems just and proper.

## JURY DEMAND AND TRIAL COUNSEL DESIGNATION

Plaintiff hereby demands a trial by jury and designates Matthew H. Sontz, Esq. as trial counsel.

                                                Law Office of Matthew H. Sontz, LLC
                                                Attorney for Plaintiffs

                                                __s/ Matthew H. Sontz_____
                                                Matthew H. Sontz
                                                Law Office of Matthew H. Sontz, LLC
                                                220 St. Paul St.
                                                Westfield, NJ 07090
                                                (908) 389-1330